IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **MARCUS RAICES**, *on behalf of himself and on behalf of all others similarly situated individuals,*<br><br>Plaintiff,<br><br>v.<br><br>**PERSANTE HEALTH CARE, INC.**,<br><br>Defendant. | Civil Action<br>No. 1:25-cv-18095-KMW-EAP |
| **DANNY BRADFORD**, *on behalf of himself and on behalf of all others similarly situated individuals,*<br><br>Plaintiff,<br><br>v.<br><br>**PERSANTE HEALTH CARE, INC.**,<br><br>Defendant. | Civil Action<br>No. 1:25-cv-18107-KMW-EAP |
| **THOMAS BUSHMAN**, *on behalf of himself and on behalf of all others similarly situated individuals,*<br><br>Plaintiff,<br><br>v.<br><br>**PERSANTE HEALTH CARE, INC.**,<br><br>Defendant. | Civil Action<br>No. 1:25-cv-18126-KMW-EAP |
| **EDWARD RUDEK**, *on behalf of himself and on behalf of all other similarly situated individuals,*<br><br>Plaintiff,<br><br>v.<br><br>**PERSANTE HEALTH CARE, INC.**,<br><br>Defendant. | Civil Action<br>No. 1:25-cv-18143-KMW-EAP |

| | |
|---|---|
| **AARON BERGERON**, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**PERSANTE HEALTH CARE, INC.**,<br><br>Defendant. | Civil Action<br>No. 1:25-cv-18165-KMW-EAP |
| **ISMAEL GOMEZ and PABLO VAZQUEZ**, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>**PERSANTE HEALTH CARE, INC.**,<br><br>Defendant. | Civil Action<br>No. 1:25-cv-18203-KMW-EAP |
| **ANDREW JAMES**, *on behalf of himself and on behalf of all other similarly situated individuals,*<br><br>Plaintiff,<br><br>v.<br><br>**PERSANTE HEALTH CARE, INC.**,<br><br>Defendant. | Civil Action<br>No. 1:25-cv-18261-KMW-EAP |

**ORDER CONSOLIDATING RELATED ACTIONS**
**AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL**

**THIS MATTER** comes before the Court by way of the motions filed by plaintiffs Marcus Raices, Danny Bradford, Thomas Bushman, and Edward Rudek (collectively, the "Plaintiffs"), seeking (i) to consolidate the above-captioned matters pursuant to Federal Rule of Civil Procedure 42(a), and (ii) to appoint interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g); the Court having considered these motions and their supporting submissions, and observing no opposition thereto;

**IT IS** this **16th** day of **July 2026** hereby

**ORDERED** that Plaintiffs' motions are **GRANTED IN PART** as follows:

**A.** Pursuant to Federal Rule of Civil Procedure 42(a), the following actions (collectively, the "Related Actions") are **CONSOLIDATED** for all purposes:

1. *Raices v. Persante Health Care, Inc.*, No. 1:25-cv-18095 ("*Raices* Action")
2. *Bradford v. Persante Health Care, Inc.*, No. 1:25-cv-18107 ("*Bradford* Action")
3. *Bushman v. Persante Health Care, Inc.*, No. 1:25-cv-18126 ("*Bushman* Action")
4. *Rudek v. Persante Health Care, Inc.*, No. 1:25-cv-18143 ("*Rudek* Action")
5. *Bergeron v. Persante Health Care, Inc.*, No. 1:25-cv-18165 ("*Bergeron* Action")
6. *Gomez et al. v. Persante Health Care, Inc.*, No. 1:25-cv-18203 ("*Gomez* Action")
7. *James v. Persante Health Care, Inc.* No. 1:25-cv-18261 ("*James* Action")

**B.** The earliest-filed case—the *Raices* Action, No. 1:25-cv-18095—shall serve as the lead case and master docket for the Related Actions, and shall be recaptioned as ***In re Persante Health Care, Inc. Data Breach Litigation*** (hereinafter, the "Consolidated Action"). All papers previously filed and served to date in any of the Related Actions shall be deemed part of the record in the Consolidated Action. Following the entry of this Order, all filings applicable to any of the Related Actions shall be made only in the Consolidated Action.

**C.** The Clerk of Court is directed to **ADMINISTRATIVELY TERMINATE** the *Bradford*, *Bushman*, *Rudek*, *Bergeron*, *Gomez*, and *James* Actions.

**D.** Any action subsequently filed in, transferred to, or removed to this District that arises out of the same or similar operative facts as the Consolidated Action shall be provisionally consolidated with the Consolidated Action for all purposes. Defendant Persante Health Care Inc. ("Defendant") shall file a Notice of Related Action whenever a case that should be consolidated into the Consolidated Action is filed in, transferred to, or removed to this District. Any party may object within ten (10) calendar days of provisional consolidation. If, upon consideration of such objection, the Court determines that the case is related, the Clerk of Court shall:

1. File a copy of this Order in the separate docket for such action;
2. Serve a copy of this Order on plaintiff's counsel in the new case;
3. Direct this Order to be served upon any additional defendant(s) in the new case; and
4. Make an appropriate entry on the docket for the Consolidated Action.

**E.** Having considered the applicable factors set forth in Federal Rule of Civil Procedure 23(g), the Court finds that the following attorneys will fairly and adequately represent the interests of the putative class and accordingly **DESIGNATES** them as **Interim Co-Lead Class Counsel**:

1. Leanna A. Loginov of Shamis & Gentile, P.A.;
2. Jason M. Wucetich of Wucetich & Korovilas LLP; and
3. Courtney Maccarone of Kopelowitz Ostrow P.A.[1]

**F.** Interim Co-Lead Class Counsel shall have plenary authority and responsibility to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Class Counsel shall have the duties, responsibilities, and sole authority to:

1. Draft and file the master consolidated complaint and have final authority regarding the claims and parties to be included;
2. Determine and present—through pleadings, briefs, motions, oral argument, or such other means as may be appropriate, personally or through a designee—the position of Plaintiffs and the putative class on matters arising during pretrial proceedings;
3. Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Jersey;
4. Consult with and retain consultants and expert witnesses;
5. Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;
6. Conduct all pretrial proceedings on behalf of Plaintiffs and the putative class;
7. Enter into stipulations and agreements with Defendant;
8. Sign all papers filed on behalf of Plaintiffs and the putative class;
9. Convene meetings of Plaintiffs' counsel as necessary;
10. Form task-specific subcommittees of Plaintiffs' counsel as appropriate;

---

[1] Ms. Loginov and Ms. Maccarone are licensed to practice law in New Jersey and have been admitted to practice in this Court. Mr. Wucetich, though not a New Jersey attorney, has been admitted to practice in this Court *pro hac vice* in connection with the *Bradford* Action. Raina Borrelli, however, is not admitted and has not otherwise moved for *pro hac vice* admission in accordance with Local Civil Rule 101.1. Accordingly, to the extent Plaintiffs also seek to designate Ms. Borrelli as Interim Co-Lead Class Counsel, their motions are **DENIED WITHOUT PREJUDICE** to renewal upon her admission.

**11.** Conduct settlement negotiations with Defendant;

**12.** Maintain an up-to-date service list of Plaintiffs' counsel in all consolidated cases and promptly advise the Court and Defendant's counsel of any changes;

**13.** Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendant's counsel or the Court that are not electronically filed;

**14.** Appear at Court-noticed status conferences and hearings;

**15.** Serve as the contact persons for Plaintiffs' counsel and as the attorneys of record with whom the Court will deal throughout the litigation;

**16.** Delegate specific tasks to other Plaintiffs' counsel in a manner that avoids duplicative efforts and ensures that pretrial preparation on behalf of Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

**17.** Coordinate the work of Plaintiffs' counsel and perform such other duties as Interim Co-Lead Class Counsel deem necessary to advance the litigation or as the Court may authorize by further order;

**18.** Maintain and collect time-and-expense records for authorized work performed, time billed, costs incurred, and other disbursements made by Plaintiffs' counsel; submit, at the Court's request, written ex parte and in camera reports concerning time billed in prosecuting this action; and, when appropriate, recommend an allocation of fees and expenses, subject to Court approval;

**19.** Fund the necessary and appropriate costs of discovery and other common-benefit efforts; and

**20.** Perform such other functions as may be necessary to effectuate these responsibilities or as the Court may expressly authorize by further order.

**G.** Any authority conferred by this Order shall be exercised in accordance with the Local Civil Rules of this District. Moreover, nothing in this Order enlarges the authority of counsel admitted *pro hac vice* or otherwise relieves counsel of compliance with those Rules.

**H.** To facilitate coordination in the prosecution of this Consolidated Action, and pursuant to Federal Rule of Evidence 502(d), the confidential disclosure among Plaintiffs' counsel, in connection with this litigation, of communications or information protected by the attorney-client privilege or work-product doctrine shall not, by itself, constitute a waiver of any applicable privilege or protection. Nothing in this paragraph creates a privilege or protection where none otherwise exists, determines whether any particular communication

or information is privileged or protected, or authorizes disclosure inconsistent with counsel's professional obligations.

**I.** All other counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or for relief from it.

**J.** This Order shall apply to any action filed in, transferred to, or removed to this Court that relates to the subject matter at issue in this Consolidated Action.

**K.** Within forty-five (45) days after entry of this Order, Plaintiffs shall file a Consolidated Complaint. Defendant shall answer or otherwise respond to the Consolidated Complaint within forty-five (45) days after its filing. If Defendant moves to dismiss, Plaintiffs shall file their opposition within thirty (30) days after the motion is filed, and Defendant shall file any reply within twenty-one (21) days after the opposition is filed.

KAREN M. WILLIAMS, U.S.D.J.